# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT DIFUSCO, | : |
|    Plaintiff, | : |
| | : |
| v. | : Civil No. 3:17CV75 (AWT) |
| | : |
| NANCY A. BERRYHILL, | : |
| ACTING COMMISSIONER OF SOCIAL | : |
| SECURITY, | : |
|    Defendant. | : |

## ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether

the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

The correct legal principles were not applied in this case. The plaintiff asserts multiple challenges. However, the court concludes that the fact that the Administrative Law Judge ("ALJ") failed to evaluate the medical opinions of Michael Waddington, a treating osteopathic doctor, standing alone, necessitates remand. The ALJ should also address the plaintiff's other challenges as appropriate, including evaluating the opinions of treating sources Sarah Eliason, L.C.S.W. and Steven Thiele, D.C..

The ALJ must evaluate "[e]very medical opinion". 20 C.F.R. § 404.1527(c). "Medical opinions" are statements from acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, prognosis, and restrictions. 20 C.F.R. § 404.1527(a)(1). Medical opinions from acceptable medical sources are entitled to "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record". 20 C.F.R. § 404.1527(c)(2). When these opinions are either not well-supported or are inconsistent with other substantial evidence, the ALJ must apply the factors listed in subsection (c)(1) through (6), give good

2

reasons for the weight given, and develop the record as needed. See 20 C.F.R. § 404.1527(c); SSR 96-2p. If the opinions are from medical sources other than "acceptable medical sources", the ALJ must still consider the opinions, apply the factors, and explain the weight given. See 20 C.F.R. § 404.1527(f). In both instances the ALJ's explanation should be supported by the evidence and be specific enough to make clear to the claimant and any subsequent reviewers the reasons and the weight given. See 20 C.F.R. § 404.1527(f)(2); SSR 96-2p.

Dr. Michael Waddington, an attending osteopathic doctor, is an "acceptable medical source" (20 C.F.R. § 404.1502(a)(1)) who signed off on medical opinions. See R. at 699-710 (evaluation and treatment notes and opinions); R. at 704, 710 (co-signing as resident); Griffin v. Colvin, No. 3:15CV105 (JGM), 2016 WL 912164, at *14 (D. Conn. Mar. 7, 2016) (recognizing that an opinion that is cosigned by a supervising acceptable medical source is entitled to controlling weight when there is no evidence that the cosigner had a different opinion, as is the case here (see Chart Review Note at R. 704, 710)). Dr. Waddington's opinions related to the relevant time period (onset date is 8/1/13; dates of service are 12/11/15 and 1/14/16; last date insured is 6/30/19) and involved at least one of the plaintiff's severe impairments. See R. at 32 (neuropathy).

3

Because there is no mention of Dr. Waddington's opinions in the ALJ's Decision, this case must be remanded.

For the reasons set forth above, the Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. No. 12) is hereby DENIED, and Plaintiff's Motion for Judgment in the form of reversing and remanding for payment of benefits or in the alternative, remanding the matter for a new hearing (Doc. No. 11) is hereby GRANTED in part and DENIED in part.  The motion is granted to the extent the case is being remanded.  It is otherwise denied.

This case is hereby REMANDED to the Commissioner for further proceedings consistent with this order.

The Clerk's Office is instructed that, if any party appeals to this court the decision made after this remand, any subsequent social security appeal is to be assigned to the undersigned.

The Clerk shall close this case.

It is so ordered.

Dated this 28th day of March 2018, at Hartford, Connecticut.

                                                /s/AWT
                                  Alvin W. Thompson
                    United States District Judge