UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT D., | : |
|    Plaintiff, | : |
| | : |
| v. | : Civil No. 3:17CV00075(AWT) |
| | : |
| KILOLO KIJAKAZI, | : |
| ACTING COMMISSIONER | : |
| OF SOCIAL SECURITY[1], | : |
|    Defendant. | : |

**RULING ON MOTION FOR ATTORNEY'S FEES PURSUANT TO THE
<u>EQUAL ACCESS TO JUSTICE ACT</u>**

For the reasons set forth below, Plaintiff's Application for an Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA") is being granted in part.

**I.  Factual and Procedural Background**

On March 28, 2018, the court granted judgment for the plaintiff and remanded the case to the Commissioner for further proceedings. See Judgment (ECF No. 16).  After remand, the plaintiff received a fully favorable decision and filed a

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is substituted for Nancy A. Berryhill as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.") and the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

petition for attorney's fees under §406(a) seeking $13,434.25, which is 25% of the past due benefits awarded.  The agency awarded attorney's fees in the amount of $12,300.15, and the plaintiff's attorney filed a motion seeking the $1,134.10 balance, which was granted on April 15, 2021.

On April 11, 2018, the plaintiff filed his application for an award of attorney fees in the amount of $12,089.02 under the EAJA.  See EAJA Application (ECF No. 18).  After supplemental briefing, the plaintiff requested $12,826.82[2] under the EAJA.  See Pl.'s EAJA Reply (ECF No. 21).  On April 15, 2021, the motion was incorrectly denied as moot, and the plaintiff's attorney filed a motion for reconsideration, which has been granted.

## II.  Legal Standard

There are two statutes that address attorney's fees in the context of Social Security appeals: the Equal Access to Justice Act, 28 U.S.C. § 2412, and Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b).  "Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (citing Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186).

---

[2] Although the plaintiff requests $12,826.8**2**, "$12,089.02 + $737.79" equals $12,826.8**1**.  See Pl.'s EAJA Reply (ECF No. 21).

**III. Discussion**

The total fees requested under the EAJA are $12,826.81 for 64.60 hours (63.80 hours of attorney time and .8 paralegal hours). The defendant does not challenge the timeliness of the application, the plaintiff's prevailing party status, or the hourly rates and does not assert that the defendant's position was substantially justified. But the defendant opposes the request as excessive and unreasonable because "this case did not involve extraordinary or complex issues; counsel, according to his own assertions, is an experienced [] litigator in the area of disability appeals; the record was not overly large; and counsel previously asserted the arguments presented to the District Court to the Appeals Council". EAJA Opp'n (ECF No. 20) at 9. The defendant seeks an overall reduction "to fall within the 20-to-40-hour benchmark, preferably the middle part of that range". EAJA Opp'n (ECF No. 20) at 10.

Pursuant to the EAJA,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "The clearly stated objective of the EAJA is to eliminate financial disincentives for those who would

3

defend against unjustified governmental action and thereby deter the unreasonable exercise of Government authority." Vacchio v. Ashcroft, 404 F.3d 663, 670 (2d Cir. 2005)(citing Ardestani v. INS, 502 U.S. 129, 138 (1991) (citing Congressional findings and purposes)).

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . .
>
> The district court [] should exclude . . . hours that were not "reasonably expended." . . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, . . . .
>
> . . . . The court necessarily has discretion in making this equitable judgment.

Hensley v. Eckerhart, 461 U.S. 424, 433–37 (1983).[3]

> "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted); Cobb v. Astrue, No. 3:08CV1130 (MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).
>
> . . . .
>
> [R]eduction is warranted to account for the experience of counsel and apparent efficiencies relating to the use of research and writing from prior motions.[] Rivera v. Colvin, No. 3:14-CV-1012(WIG), 2016 WL 1363574, at *2 (D. Conn. Apr. 6, 2016)("The relevant factors to weigh include the size of the administrative record, the complexity of the factual and

---

[3] The plaintiff attempts to distinguish Hensley by noting that the statute at issue in that case does not apply to this case. Pl.'s EAJA Reply (ECF No. 21) at 5 n.1. However, the standard set forth in Hensley is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433, n.7.

4

legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.")(citing Seggerman v. Colvin, No. 3:11CV1219 (JBA), 2014 WL 2534876, at *3 (D. Conn. June 5, 2014)). Richardson v. Berryhill, No. 3:15CV01452 (HBF), 2018 WL 3218661, at *2 (D. Conn. July 2, 2018).

Here, aligning the requested fees with the high end of the existing benchmark is appropriate.

As to the size of the administrative record, 716 pages is "typically" seen in Social Security cases. Bluman v. Berryhill, No. 15-CV-627-FPG, 2017 WL 3910435, at *2 & n.3 (W.D. New York Sept. 6, 2017)(finding 748 pages typical and noting that "Courts in other districts have [] noted that a Social Security transcript is often around 700 pages. See, e.g., Roth v. Comm'r of Soc. Sec., No. SAG-14-62, 2015 WL 567168, at *2 (D. Md. Feb. 10, 2015) (describing a 412-page record as "quite short" and noting that Social Security appeals "regularly involve records in excess of 700 pages"); Mandrell v. Astrue, No. 06-cv-612-JPG, 2008 WL 2704894, at *3 (S.D. Ill. July 9, 2008)(describing an 820-page record as "larger than average"); Ubel v. Colvin, No. 13-875 (JRT/JJG), 2014 WL 2009051, at *2 (D. Minn. May 16, 2014) (describing an 879-page record as "a little longer than average"); Elstun v. Comm'r of Soc. Sec., No. 6:12-cv-01811-MA, 2014 WL 667587, at *3 (D. Or. Feb. 20, 2014)

5

(describing a 1,208-page record as "above average, but not to an extraordinary extent").").

As to factual and legal complexity, the plaintiff cites no case law to support an upward deviation from the 20 to 40 hour benchmark for cases that are similar to this case. See Hensley, 461 U.S. at 437 ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended").  The arguments the plaintiff made in the appeal are commonly made in Social Security cases: that the Administrative Law Judge ("ALJ") did not provide the vocational expert with all the limitations that he used in the residual functional capacity; that the hypotheticals did not accurately reflect the plaintiff's limitations and capabilities; that the ALJ failed to resolve the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles as required by SSR 00-04p; that the ALJ failed to develop the record; that the ALJ erred in finding that the plaintiff's conditions were non-severe; that the ALJ erred in evaluating medical opinions pursuant to the treating physician rule; and that substantial evidence does not support the ALJ's Step 5 determination.  See Pl.'s Mot. (ECF No. 11) and Pl.'s Reply (ECF No. 13).  As to Step 5, the plaintiff asserts that there was "confusing back and forth" in the Vocational Expert's testimony. Pl.'s EAJA Reply (ECF No. 21) at 3.  A closer look at the

6

testimony, however, reveals that the ALJ explored three hypotheticals that spanned only five pages (R. 88-92) of testimony.

As to legal experience, the plaintiff's attorney is an experienced litigator and requests fees for both himself and for Attorney Winona Zimberlin. Attorney Russell Zimberlin has "two years of civil litigation experience in federal court and administrative agencies", and together the Zimberlins have over three decades of experience with Social Security matters. See Declarations (ECF No. 18-2), Exs. C ¶ 6 and D ¶ 4.

As to expected efficiencies, Attorney Zimberlin asserts that he did not represent the plaintiff during the administrative proceedings. The defendant correctly points out, however, that Attorney Zimberlin represented the plaintiff before the Appeals Council (R. 311-17), previously asserted the arguments presented to this court, and cut and pasted portions of the Appeals Council brief into the brief in this matter:

> For example, Counsel's Argument IIc ("A Crucial Medical Opinion Is Missing . . .") was largely copied and pasted from an identically titled section of his Appeals Council brief. See PMem. 20-21; Tr. 311-12. Counsel also copied and pasted significant sections of his brief relating to the opinions of physician's assistant Debra Strigum, social worker Sarah Eliason, and Dr. Robert Doddenhoff. See PMem. 29-31; Tr. 314-15. The language found in the section regarding Dr. Maria Lorenzo's opinion also first saw life before the Appeals Council. See PMem. 33-34; Tr. 315-16. Indeed, nearly every argument included in Counsel's District Court brief was also included in his Appeals Council brief. While not every word was directly copied and pasted, these

7

arguments were previously considered, researched, and presented by Counsel.

EAJA Opp'n (ECF No. 20) at 7.

As to specific challenges, the defendant notes that the plaintiff's attorney spent

> nearly 37.55 hours reviewing the record, and researching and drafting the legal argument for his initial brief, and 12.25 hours on drafting the reply brief. See ECF Doc. No. 18-2, 1-8. In total, Counsel's time entries indicate that he expended close to 50 hours in drafting his opening and reply memorandum, i.e., ten hours over the customary highest end of the 40-hour rule . . . .

EAJA Opp'n (ECF No. 20) at 5.  The plaintiff contends that this case involved "a detailed chronology of medical treatment", that the benchmark "was formed prior to the time a detailed medical chronology was required" by this District, and that "[c]ases where such a detailed chronology is performed will likely exceed the 20 – 40-hour guideline".  Pl.'s EAJA Mem. (ECF No. 18-1) at 4 and Pl.'s EAJA Reply (ECF No. 21) at 2.  The defendant asserts that a detailed chronology of medical treatment is neither unique to this District nor this area of practice.  The "burden of establishing entitlement to an award" falls on "the fee applicant" (Hensley, 461 U.S. at 437).  Here, the plaintiff has not shown that the benchmark is no longer reasonable in circumstances where a detailed medical chronology is required, and he has that burden, which is particularly appropriate in a

8

case like this where the plaintiff was represented before the Appeals Council by the same attorney.

The defendant challenges certain miscellaneous hours:

> it is unclear why it was necessary to expend 45 minutes reviewing the Court's January 19, 2017 email concerning the issuance of electronic summons and the Court's long-established Standing Scheduling Order (moreover, it was the paralegal who actually issued the summonses to defendants). ECF Doc. No. 18-2, 2, 5.

EAJA Opp'n (ECF No. 20) at 8.  The entry at issue reads: "1/19/2017 Review Received E Mail/Service from the D. Conn[.]/Standing order Doc[.] No[.] 1-7 notice".  Timesheets (ECF No. 18-2), Ex. A at 2.  The court's electronic case files database reflects that Attorney Russell Zimberlin represented a plaintiff in a Social Security matter in this district that was filed approximately one month before he filed this case.  See Rahman v. Colvin, 3:16-cv-02095 (VLB).  "[M]eticulously" reading these documents was unnecessary given the clear effective dates on most of these documents and the fact that one may readily determine that the documents remained unchanged.  Pl.'s EAJA Reply (ECF No. 21) at 5.

The defendant also argues:

> Other entries of note include the apparent need to expend six minutes reading the February 6, 2017 email notifying the parties of the Order of transfer to Judge Thompson; six minutes reading the February 24 email concerning the return of an executed summons; and six minutes reading the undersigned's Notice of Appearance. ECF Doc. No. 18-2, 2. While these entries are somewhat trivial when taken alone, in the aggregate, such entries may contribute to excessive

EAJA claims.

EAJA Opp'n (ECF No. 20) at 8-9.

Clerical tasks such as filing (Timesheets (ECF No. 18-2), Ex. A at 4 (5/23/2017, .2) and at 5 (9/15/2017, .2)) are not compensable. See Lee v. Astrue, No. 3:09 CV 1575 (CSH), 2011 WL 781108, at *4 (D. Conn. Feb. 28, 2011) ("Hours spent performing clerical tasks such as filing the complaint . . ., are not compensable under the EAJA.") (citing Hosking v. Astrue, No. 3:10CV0064 (MRK) (WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010) and Cobb v. Astrue, No. 3:08 CV 1130(MRK)(WIG), 2009 WL 2940205, at *2 (D. Conn. Sept. 2, 2009)).

The court has examined the degree of success obtained by the plaintiff; the size of the record; the absence of unusual complexity or novelty; the efficiencies associated with counsels' experience; counsels' familiarity with the facts, medical history, law, and filings in this case; the use of research and writing from prior motions; and the recycled nature of the EAJA submissions. The court has also taken into account "the Second Circuit's caution that fees under the EAJA should be awarded with an 'eye to moderation'". Gelinas v. Colvin, 3:13 CV 891(CSH), 2014 WL 2567086, at *3 (D. Conn. June 6, 2014)(citing New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983). Based on the foregoing and the quality and thoroughness of counsels' work product, the court is

awarding 40 hours, the top rather than the middle of the benchmark range. See Barbour v. Colvin, 993 F. Supp. 2d 284, 292 (E.D. New York 2014) (using discretion to reduce a 61.1-hour request to 40 hours because "[d]istrict courts are authorized 'to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application.'") (citing Green v. City of New York, 403 Fed. Appx. 626, 630 (2d Cir. 2010)(15 percent cut) quoting In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987)(50 percent cut for certain categories)). See also Carey, 711 F.2d at 1146 (noting same rationale and "recogniz[ing] that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application") (citing Copeland v. Marshall, 641 F.2d 880, 903 (D.C.Cir.1980) (en banc) (22% cut); Ross v. Saltmarsh, 521 F. Supp. 753, 761–62 (S.D.N.Y.1981) (5% and 10% cuts), aff'd mem., 688 F.2d 816 (2nd Cir.1982); Kane v. Martin Paint Stores, Inc., 439 F. Supp. 1054, 1056 (S.D.N.Y.1977) (10% cut), aff'd mem., 578 F.2d 1368 (2d Cir.1978).)  Awarding high attorney's fees in this case would unjustly penalize the government for matters that were under plaintiff counsels' control.

    The plaintiff has requested payment for 64.60 hours, and the court is awarding payment for 40 hours.  This constitutes payment for 61.92 percent of the hours requested.  Therefore,

the court will award attorney's fees in the amount $7,942.36 which is 61.92 percent of the requested $12,826.81.

**IV. Conclusion**

The Plaintiff's Application for an Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 18) is hereby GRANTED in part. The plaintiff is awarded $7,942.36 in EAJA fees. On June 8, 2016 the plaintiff assigned EAJA Fees to Attorney Winona Zimberlin (see Assignment (ECF No. 18-2), Ex. H); therefore, counsel shall refund $7,942.36 to the plaintiff, as required by law.

It is so ordered.

Dated this 3rd day of March 2022, at Hartford, Connecticut.

                                            /s/AWT
                                    Alvin W. Thompson
                              United States District Judge